John E. Bloomquist
James E. Brown
DONEY CROWLEY BLOOMQUIST PAYNE UDA P.C.
44 West 6th Avenue, Suite 200
P.O. Box 1185
Helena, MT 59624
Ph.  (406) 443-2211
Fax (406) 449-8443
jbloomquist@doneylaw.com
jbrown@doneylaw.com
*Local Attorneys for Plaintiffs Montana Shrugged Teaparty Patriots, Inc., Eric H. Olsen, and Jennifer Olsen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MONTANA SHRUGGED TEAPARTY PATRIOTS, INC., ERIC H. OLSEN, and JENNIFER OLSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS UNSWORTH, in his official capacity as Commissioner of Political Practices of the State of Montana, STEVE BULLOCK, in his official capacity as Attorney General of the State of Montana, and DENNIS PAXINOS, in his official capacity as Yellowstone County Attorney of the State of Montana,<br><br>Defendants. | Case No. _____<br><br><br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs Montana Shrugged Teaparty Patriots, Inc., Eric H. Olsen, and

Jennifer Olsen complain against Defendants as follows:

## Introduction

1. This is a facial and as-applied challenge to the constitutionality of

Montana's campaign finance statutes and regulations, which impose onerous

burdens upon Plaintiffs in order to engage in protected political speech.

2. Plaintiffs also seek injunctive relief to prevent Defendants from enforcing

Montana law against them for Plaintiffs' prior and future speech.

3. Plaintiffs challenge Montana Code sections 13-1-101(11), 13-1-101(22),

13-35-225, and 13-35-227(1), as well as Administrative Rules of Montana

44.10.323, 44.10.325, 44.10.327, 44.10.329, and 44.10.411, as unconstitutional

facially and as-applied to Plaintiffs because they are impermissibly vague, in

violation of the Fourteenth Amendment, and are also vague, overbroad, and

violate Plaintiffs' rights of free speech and association, in violation of the First

Amendment.

4. These statutes and rules are unconstitutional under the First and

Fourteenth Amendment because they regulate speech that is not campaign related

and subject organizations that do not have even *a* primary purpose of political

advocacy to onerous burdens as political committees.

2

5. Plaintiffs require declaratory and injunctive relief from this Court so that they can continue to engage in their activities without the burdens imposed by Montana law and without fear of prosecution.

## Jurisdiction and Venue

6. This Court has jurisdiction over this case arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States. 28 U.S.C. §§ 1331, 1343(a). This Court also has jurisdiction under the Declaratory Judgment Act. *See id.* §§ 2201, 2202.

7. Venue is proper because events giving rise to the claim occurred, and Defendants reside, in this District. 28 U.S.C. § 1391(b).

## Parties

8. Plaintiff Montana Shrugged Teaparty Patriots, Inc., ("Montana Shrugged") is a non-stock, non-profit Montana corporation with its principal place of business in Billings, Montana.

9. Plaintiff Eric H. Olsen, an individual, is a qualified elector of the State of Montana residing in Yellowstone County.

10. Mr. Olsen is the incorporator and legal agent of Montana Shrugged. He is also co-founder and co-organizer of the same.

11. Plaintiff Jennifer Olsen, an individual, is a qualified elector of the State

3

of  Montana residing in Yellowstone County.

12. Ms. Olsen is the other co-founder and co-organizer of Montana Shrugged.

13. As Commissioner of Political Practices, Defendant Dennis Unsworth has authority to investigate violations of, enforce the provisions of, and hire attorneys to prosecute violations of, Montana Code Chapters 35 and 37 and the rules adopted to carry out these provisions. Mont. Code Ann. §§ 13-37-111, -113, -114, -124. The Commissioner acts under color of law and is sued in his official capacity.

14. As Montana Attorney General, Defendant Steve Bullock has power to investigate and prosecute violations of Montana Code Chapters 35 and 37 by and through the county attorneys under his supervision. Mont. Code Ann. §§ 2-15-501(5), 13-37-124, -125, -128. The Attorney General acts under color of law and is sued in his official capacity.

15. As Yellowstone County Attorney, Defendant Dennis Paxinos has power to investigate and prosecute violations of Montana Code Chapters 35 and 37. Mont. Code Ann. §§ 7-4-2716, 13-37-124, -125, -128. The County Attorney acts under color of law and is sued in his official capacity.

**Facts**

16. Montana Shrugged's mission and purpose is "to educat[e] citizens about economic and constitutional issues which affect all citizens' abilities to pursue their inalienable rights for the pursuit of life, liberty and happiness. . . . Montana Shrugged is committed to educating citizens about a return of the federal government to its original Constitutional limits." (Exhibit 1).

17. Montana Shrugged cooperates with other organizations and engages in other lawful activities in pursuit of its mission and purpose. (Exhibit 1).

18. Montana Shrugged was started in April 2009 by Eric and Jennifer Olsen as a local grassroots TEA party organization upon organizing the April 15, 2009, "Taxed Enough Already" rally at the Billings, Montana courthouse. (Exhibit 1).

19. Montana Shrugged was incorporated as a domestic nonprofit, non-member Montana corporation on June 22, 2010, with Eric H. Olsen as incorporator and registered agent. (Exhibit 2).

20. Montana Shrugged is a tax-exempt social welfare organization under Internal Revenue Code § 501(c)(4).

21. In pursuit of its mission and purpose, Montana Shrugged has organized frequent rallies in Montana since April 15, 2009, and wishes to continue to do so. Montana Shrugged does not create or arrange any materials, such as banners and

5

signs, for these rallies. It simply organizes the events, and those who choose to attend the rallies bring signs and banners as they see fit. (Exhibit 3).

22. In pursuit of its mission and purpose, Montana Shrugged has maintained a YouTube page since April 17, 2009. The cost involved in the maintenance of this page is *de minimus*. On its YouTube page, Montana Shrugged features videos of rallies it has attended or held and episodes of its weekly television show.

23. Montana Shrugged maintains the website www.montanashrugged.com. The cost for the website is $10 per year for the domain name and $5.95 per month for hosting. (Exhibit 4). On its website, Montana Shrugged features a calendar of events, information for contacting legislators, links to its videos, galleries of pictures from various events, and other materials. (Exhibit 5).

24. Montana Shrugged also maintains a blog at www.montanashrugged.wordpress.com. The cost involved in creating and maintaining this blog is *de minimus*.

25. Montana Shrugged produces a noncommercial television program called "The Patriot Chronicles." The show is aired on Community Seven Television in Billings, Montana, which is owned by Billings Community Cable Corporation. The cost of membership with Community Seven Television is $400 annually. There are no additional fees or costs for equipment or props used in creating the

show.

26. "The Patriot Chronicles" feature interviews of state and federal officeholders and candidates for office. (Exhibit 6). The episodes are not scripted, but feature a live discussion of issues important to Montana Shrugged. The officeholders and candidates are not endorsed or advocated during the interview. Contact information for guests, including candidate website links, is featured on the website along with each episode.

27. Montana Shrugged tries to invite all officeholders and candidates, of all political parties, to be guests on the show and discuss issues related to the organization's purpose and mission. (Exhibit 9). Guests are not paid and do not pay to be on the show.

28. Montana Shrugged has nearly 3,000 members. Membership is free and open to all by joining through a link on Montana Shrugged's website. Members become part of Montana Shrugged's email list and receive emails and updates. Montana Shrugged pays a monthly email list maintenance fee through Constant Contact of $35. The emails feature weekly calendar, news, and video updates.

29. Montana Shrugged has helped organize and advertise, through email and Facebook, rallies in support of candidates for public office in Montana. (Exhibit 7).

7

30. Montana Shrugged has had floats in holiday parades in Billings and has had booths at events. None of these have featured communications mentioning candidates for office in Montana.

31. Montana Shrugged's year-to-date budget from January 1, 2010 to August 31, 2010 was $6,500. (Exhibit 8).

32. Eric H. Olsen also engages in speech individually through a Facebook page and by speaking at events.

33. Jennifer Olsen also engages in speech individually through a Facebook page.

34. Eric and Jennifer Olsen do their activities with Montana Shrugged as volunteers.

35. Absent injunctive relief, Plaintiffs will suffer irreparable harm.

36. Plaintiffs have no adequate remedy at law.

## Count 1
## Montana Code 13-35-227(1) Unconstitutionally Prohibits Corporate Independent Expenditures.

37. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs one through thirty-six set forth above.

38. According to Mont. Code Ann. § 13-35-227(1), "[a] corporation may not make a contribution or an expenditure in connection with a candidate or a

8

political committee that supports or opposes a candidate or a political party."

39. Mont. Code Ann. § 13-1-101(11) defines "expenditure" as "a purchase, payment, distribution, loan, advance, promise, pledge, or gift of money or anything of value made for the purpose of influencing the results of an election."

40. Mont. Admin. R. 44.10.323(3) further establishes that the term "expenditure" includes *but is not limited to* an "independent expenditure," meaning "an expenditure for communications expressly advocating the success or defeat of a candidate" that is not coordinated with the candidate.

41. Mont. Admin. R. 44.10.323(2) further establishes that the term "expenditure" includes an "in kind expenditure," defined as "the furnishing of services, property, or rights without charge or at a charge which is less than fair market value to a person, candidate, or political committee for the purpose of supporting or opposing any person, candidate, ballot issue or political committee."

42. The definition of expenditure does not include a "bona fide news story, commentary, or editorial" or communications by membership organizations to their members. Mont. Code Ann. § 13-1-101(11)(b)(iii), (iv).

43. A corporation may, however, establish "a separate, segregated fund to be used for making political contributions or expenditures if the fund consists only of voluntary contributions solicited from an individual who is a shareholder,

9

employee, or member of the corporation." Mont. Code Ann. § 13-35-227(3).

44. Violations of this corporate expenditure ban are subject to civil investigation and penalties. Mont. Code Ann. §§ 13-35-227(4), 13 -37-128.

45. Plaintiff Montana Shrugged reasonably fears that some of its past activities may be considered expenditures under the above statutes and rules such that it may be considered in violation of the corporate expenditure prohibition. Montana Shrugged also reasonably fears that, as it continues to engage in similar activities of the same nature, they may be considered expenditures and also banned, unless it creates a separate segregated fund to do the activities instead.

46. Montana's expenditure prohibition is unconstitutional under *Citizens United v. FEC*, 130 S. Ct. 876 (2010), which struck down the federal prohibition on corporate independent expenditures, 2 U.S.C. § 441b (2000), under strict scrutiny and held that "independent expenditures do not give rise to corruption or the appearance of corruption," *Citizens United*, 130 S. Ct. at 899, 909.

47. Montana also cannot force Montana Shrugged to create a political committee in order to speak because *Citizens United* held that the federal statute was still a ban, and no less unconstitutional, even though a corporation could create a political action committee, which could do expenditures. *Id.* at 897-98 (holding that "the PAC exemption . . . does not allow corporations to

10

speak. . . . [and] does not alleviate the First Amendment problems . . . ."); *compare*

Mont. Code Ann. § 13-35-227(3).

48. Furthermore, the phrase "for the purpose of influencing the results of an

election" is vague and overbroad, *Buckley v. Valeo*, 424 U.S. 1, 76-77 (1976), so

that Montana Shrugged cannot know whether its activities fall under the ban. And

therefore this phrase regulates forms of speech beyond what the United States

Supreme Court has held may be regulated, *id.* at 44 n.52, 80; *Citizens United v.*

*FEC*, 130 S. Ct. 876, 915 (2010).

49. Because Montana cannot show that its corporate expenditure ban is

narrowly tailored to a compelling interest, and because it is vague and overbroad,

it is unconstitutional facially and as-applied to Plaintiff Montana Shrugged and its

past, present, and future activities, in violation of the First and Fourteenth

Amendments.

### Count 2
### Montana Code § 13-35-227 Unconstitutionally Bans Corporate "In Kind Contributions."

50. Plaintiffs re-allege and incorporate by reference all allegations contained

in paragraphs one through forty-nine set forth above.

51. Montana's corporate contribution prohibition includes a ban on "in kind

contributions." Mont. Admin. R. 44.10.321(2). A "coordinated expenditure" is

therefore considered a contribution for purposes of the ban and includes any "expenditure made in cooperation with, consultation with, at the request or suggestion of, or the prior consent of a candidate or political committee or an agent of a candidate or political committee." Mont. Admin. R. 44.10.323(4).

52. Plaintiff Montana Shrugged reasonably fears that its past activities may be considered "coordinated expenditures" under the above statutes and rules such that it may be considered in violation of the corporate contribution prohibition. Montana Shrugged also reasonably fears that its planned future activities of the same nature may be considered "coordinated expenditures" and also banned, unless it creates a separate segregated fund to do the activities instead.

53. Montana's definition of "coordinated expenditure" is unconstitutional because the definition of "expenditure" is vague and overbroad. *Supra* ¶ 37.

54. As a result, the definition is also unconstitutionally vague and overbroad because it causes activities to be considered contributions that are not express advocacy or sufficiently coordinated. *Compare* 11 C.F.R. 109.21.20 (defining what expenditures can be considered in-kind contributions and when).

55. Furthermore, Montana's ban on corporate in-kind contributions is unconstitutional because *Citizens United* held that associations who choose to incorporate (such as Montana Shrugged) do not pose a constitutionally cognizable

12

corruption risk warranting special restriction of their activities. *Citizens United*, 130 S. Ct. at 899-911. Corporate contributions are not inherently more dangerous than contributions from other entities. Montana's ban is not properly tailored to the State's interest in preventing corruption.

56. Montana's in-kind contribution ban also violates the Equal Protection Clause of the Fourteenth Amendment by singling out particular content (namely, political speech expressed through political contributions) and particular speakers (namely, corporations, etc.) without justification. Because the corporate contribution ban affects First Amendment rights, it must be narrowly tailored to a compelling state interest. *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 101 (1972). But Montana has no interest, compelling or otherwise, to support the disparate treatment. The corporate contribution ban therefore violates the Fourteenth Amendment.

57. Because Montana cannot show the corporate contribution ban is narrowly tailored to a compelling interest, it is unconstitutional, facially and as applied to Plaintiff Montana Shrugged and its activities, because it violates First Amendment free speech and association guarantees and the Fourteenth Amendment equal-protection guarantee.

13

**Count 3**
**Montana Code § 13-1-101(11) Unconstitutionally Regulates Protected**
**Political Speech.**

58. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs one through fifty-seven set forth above.

59. Mont. Code Ann. § 13-1-101(11) defines "expenditure" as "a purchase, payment, distribution, loan, advance, promise, pledge, or gift of money or anything of value made for the purpose of influencing the results of an election." If any combination of two or more individuals or any person other than an individual makes an expenditure, they become a "political committee" in Montana, Mont. Code Ann. § 13-1-101(11), and must comply with corresponding registration, record keeping, and reporting requirements, Mont. Code Ann. §§ 13-37-201 to -231; Mont. Admin. R. 44.10.401 to .535.

60. Mont. Admin. R. 44.10.323(3) further establishes that the term "expenditure" includes *but is not limited to* an "independent expenditure," meaning "an expenditure for communications expressly advocating the success or defeat of a candidate" that is not coordinated with the candidate. Mont. Admin. R. 44.10.323(2) further establishes that the term "expenditure" includes an "in kind expenditure," defined as "the furnishing of services, property, or rights without charge or at a charge which is less than fair market value to a person, candidate, or

14

political committee for the purpose of supporting or opposing any person,
candidate, ballot issue or political committee."

61. Montana law does not have separate reporting and disclosure
requirements for persons who engage in independent expenditures, it simply
causes all such persons to become political committees.

62. Violations of these statutes are subject to civil and criminal actions and
fines. Mont. Code Ann. §§ 13-37-121, -124, -125, -128.

63. Plaintiffs reasonably fear that their past and future activities may be
considered expenditures under the above statutes and rules such that they may be
considered a political committee and must comply with the accompanying
registration, structural, record keeping, and reporting requirements.

64. Plaintiff Montana Shrugged fears regulation as a political committee
because of its activities if the corporate expenditure ban is unconstitutional. *See*
Count 1.

65. Montana's expenditure definition is unconstitutional because the phrase
"for the purpose of influencing the results of an election" is vague and overbroad,
*Buckley v. Valeo*, 424 U.S. 1, 76-77 (1976), and therefore regulates forms of
speech beyond what the United States Supreme Court has held may be regulated,
*id.* at 44 n.52, 80; *Citizens United v. FEC*, 130 S. Ct. 876, 915 (2010).

15

66. Montana's expenditure definition, which triggers political committee requirements, is unconstitutional because the State does not have a sufficiently important interest in regulating core political speech, *Buckley*, 424 U.S. at 39, 48, that is not "express advocacy," *id.* at 44 n. 52, 80.

67. Montana's expenditure definition, which triggers political committee requirements, is unconstitutional because it includes *de minimus* activities and Plaintiffs have no way of knowing whether the cost of a given activity will require them to register as a political committee and comply with the accompanying structural, record keeping, and reporting requirements. *See Canyon Ferry Road Baptist Church of East Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1028-29 (9th Cir. 2009).

68. Montana law does not define or regulate "electioneering communications" as upheld as regulable speech in *Citizens United* and Montana has not asserted an interest in regulating such communications. *Citizens United*, 130 S. Ct. at 914-15.

69. Because Montana cannot show that its regulation of expenditures as defined in Mont. Code Ann. § 13-1-101(11) and Mont. Admin. R. 44.10.323 is substantially related to a sufficiently important interest, and because it is vague and overbroad, these provisions are unconstitutional facially and as-applied to

16

Plaintiffs and their activities, in violation of the First and Fourteenth Amendments.

## Count 4
## Montana Code § 13-1-101(22) Unconstitutionally Requires Persons to Register as Political Committees.

70. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs one through sixty-nine set forth above.

71. Under Mont. Code Ann. § 13-1-101(22) a "political committee" means "a combination of two or more individuals or a person other than an individual who makes a contribution or expenditure . . . to support or oppose a candidate or a committee organized to support or oppose a candidate or a petition for nomination."

72. Mont. Code Ann. § 13-1-101(16) defines "individual" as "a human being."

73. Mont. Code Ann. § 13-1-101(20) defines "person" to include a "corporation, association, firm, partnership, cooperative, committee, club, union, or other organization or group of individuals."

74. Mont. Admin. R. 44.10.327 further establishes three types and six subtypes of political committee that an entity who does a contribution or expenditure could be classified as, with corresponding requirements.

75. According to Mont. Admin. R. 44.10.327(2)(b) an "independent

committee is a political committee that is not specifically organized to support or oppose any particular candidate . . . but one that is organized for the primary purpose of supporting or opposing various candidates."

76. According to Mont. Admin. R. 44.10.327(2)(c) an "incidental committee is a political committee that is not specifically organized or maintained for the primary purpose of influencing elections but that may incidentally become a political committee by making a contribution or expenditure to support or oppose a candidate."

77. The Commissioner classifies political committees by considering their "primary purpose" based upon "such criteria as allocation of budget, staff or members' activity, and the statement of purpose or goals of the individuals or person." Mont. Admin. R. 44.10.327(3), .329. The Commissioner may reclassify a political committee as well. *Id.*

78. Once a combination of individuals or a person other than an individual becomes a political committee as a result of making a contribution or expenditure they must comply with a panoply of burdens including: registration, Mont. Code Ann. § 13-37-201, appointment of a campaign treasurer, *id.* §§ 13-37-201 to -204, creation of a campaign depository, *id.* § 13-37-205, record keeping requirements, *id.* §§ 13-37-207, -208, and reporting requirements, *id.* § 13-37-225 to -231. *See*

18

*also* Mont. Admin. R. 44.10.401 to .535.

79. Violations of these statutes are subject to civil and criminal actions and fines. Mont. Code Ann. §§ 13-37-121, -124, -125, -128.

80. Plaintiffs reasonably fear that they may be considered to be in violation of the above statutes and rules because they have not registered as a political committee as a result of their past actions and wish to continue their activities without registering and being burdened with political committee requirements. *See Citizens United*, 130 S. Ct. at 897-98.

81. Plaintiff Montana Shrugged fears regulation as a political committee because of its activities if the corporate expenditure ban is unconstitutional. *See* Count 1.

82. Montana's requirement that all combinations of individuals or persons other than individuals register as political committees, including Plaintiffs for their activities, is unconstitutional because a state may regulate an organization as a political committee only if it is "under the control of a candidate" or "the major purpose" of the organization is "the nomination or election of a candidate" in the jurisdiction. *Buckley*, 424 U.S. at 79. Neither is true for any of the Plaintiffs.

83. Because Montana cannot show that its political committee definition is narrowly tailored to a compelling interest, and because it is vague and overbroad,

19

it is unconstitutional facially and as-applied to Plaintiffs and their activities, in violation of the First and Fourteenth Amendments.

**Count 5**
**Montana Code § 13-37-226(6) Unconstitutionally Regulates as Political Committees Organizations That Only Incidentally Engage in Political Advocacy.**

84. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs one through eighty-three set forth above.

85. Under Mont. Code Ann. § 13-1-101(22) a "political committee" means "a combination of two or more individuals or a person other than an individual who makes a contribution or expenditure . . . to support or oppose a candidate or a committee organized to support or oppose a candidate or a petition for nomination."

86. According to Mont. Code Ann. § 13-37-226(6), two or more individuals or a person other than an individual can be regulated as an "incidental political committee" for making "incidental" expenditures of any amount or value.

87. Mont. Admin. R. 44.10327(2)(c) further defines that an "incidental committee" is "a political committee that is *not specifically organized or maintained for the primary purpose of influencing elections* but that may *incidentally* become a political committee by making a contribution or expenditure

20

to support or oppose a candidate." (emphasis added).

88. An incidental political committee must comply with several registration, structural, record keeping, and reporting requirements. Mont. Code Ann. §§ 13-37-205 to -208, 13-37-225, -226; Mont. Admin. R. 44.10.405, .411, .519.

89. Plaintiffs reasonably fear that they may be considered to be in violation of the above statutes and rules because they have not registered as an incidental political committee as a result of their past actions and wish to continue their activities without registering and being burdened with political committee requirements, including structural requirements. *See Citizens United*, 130 S. Ct. at 897-98.

90. Plaintiff Montana Shrugged fears regulation as a political committee because of its activities if the corporate expenditure ban is unconstitutional. *See* Count 1.

91. Montana's regulation of "incidental political committees," including requiring Plaintiffs to become such a committee, is unconstitutional because it regulates organizations that do not have "a primary purpose of political advocacy" and sweeps in organizations that "only incidentally engage in such advocacy." *Human Life of Washington, Inc. v. Brumsickle, et al.*, ___ F.3d ___, 2010 WL 3987316 at *17 (9th Cir. 2010).

21

92. The structural requirements imposed do not already exist for Plaintiffs. *Id.* at n.4. Montana's regulation of "incidental political committees," therefore, imposes "major structural changes" on organizations such as Plaintiffs due to incidental political activity, including appointing a treasurer, creating special depositories, and record keeping. *Id.* at *10, *18 n.4., *20.

93. Montana's regulation of "incidental" political committees is unconstitutionally vague and overbroad because there is no minimum spending requirement to trigger political committee status, so that it inherently sweeps in organizations engaging in *de minimus* campaign related speech regardless of the size and resources of the organization. *See Canyon Ferry*, 556 F.3d at 1028-29; *see also* Commission on Political Practices, *Accounting & Reporting Manual for Political Committees* 9-10 (2010) (Exhibit 6).

94. Because Montana cannot show that its incidental political committee definition is substantially related to a sufficiently important interest, and because it is vague and overbroad, it is unconstitutional facially and as-applied to Plaintiffs and their activities, in violation of the First and Fourteenth Amendments.

## Count 6
### Montana Code § 13-35-225 Unconstitutionally Requires Disclaimers on Speech That Is Not Campaign Related.

95. Plaintiffs re-allege and incorporate by reference all allegations contained

22

in paragraphs one through ninety-four set forth above.

96. Mont. Code Ann. § 13-35-225 requires that "all communications advocating the success or defeat of a candidate" must comply with certain disclaimer requirements. *Id.*

97. Plaintiffs reasonably fear that they may be considered to be in violation of the above statutes and rules with respect to some of their past communications that did not feature the full disclaimer language.

98. The phrase "advocating the success or defeat of a candidate" is unconstitutionally vague and overbroad. *Buckley*, 424 U.S. at 43-44. Therefore, Montana's disclaimer requirement is unconstitutional for communications other than "express advocacy." *Id.*

99. Because Montana cannot show that its regulation of communications that are not express advocacy through the disclaimer requirement is substantially related to a sufficiently important interest, and because it is vague and overbroad, these provisions are unconstitutional facially and as-applied to Plaintiffs and their activities, in violation of the First and Fourteenth Amendments.

## Prayer for Relief

Wherefore, Plaintiffs pray for the following relief:

1.    A declaratory judgment that the corporate expenditure prohibition,

Mont. Code Ann. § 13-35-227(1), does not apply to Plaintiff Montana Shrugged as a matter of law.

2.     A declaratory judgment that the corporate expenditure prohibition, Mont. Code Ann. § 13-35-227(1), is unconstitutional facially and as applied to Plaintiff Montana Shrugged and its activities.

3.     A declaratory judgment that the expenditure definition, Mont. Code Ann. § 13-1-101(11); Mont. Admin. R. 44.10.323, is limited to express advocacy.

4.     A declaratory judgment that the expenditure definition, Mont. Code Ann. § 13-1-101(11); Mont. Admin. R. 44.10.323, is unconstitutional facially and as applied to Plaintiffs' past, present, and future speech.

5.     A declaratory judgment that the political committee definition, Mont. Code Ann. § 13-1-101(22); Mont. Admin. R. 44.10.327, does not apply to Plaintiffs as a matter of law so that Plaintiffs are not a political committee as a matter of law.

6.     A declaratory judgment that the political committee definition, Mont. Code Ann. § 13-1-101(22); Mont. Admin. R. 44.10.327, is limited to organizations that are under the control of, of have the major purpose of nominating or electing, a candidate for state or local office in Montana.

7.     A declaratory judgment that the political committee definition, Mont.

24

Code Ann. § 13-1-101(22); Mont. Admin. R. 44.10.327, is unconstitutional facially and as applied to Plaintiffs.

8.    A declaratory judgment that the corporate "in-kind" contribution prohibition, Mont. Code Ann. § 13-35-227(1); Mont. Admin. R. 44.10.321(2), .323(4), is unconstitutional facially and as applied to Plaintiff Montana Shrugged.

9.    A declaratory judgment that the "in-kind" contribution definition, Mont. Admin. R. 44.10.321(2), .323(4), is unconstitutional facially and as applied to Plaintiffs.

10.    A declaratory judgment that the "in-kind" contribution definition, Mont. Admin. R. 44.10.321(2), .323(4), is limited to express advocacy communications that are coordinated with a candidate as in 11 C.F.R. 109.21 & .20.

11.    A declaratory judgment that the "in-kind" contribution definition, Mont. Admin. R. 44.10.321(2), .323(4), does not apply to Plaintiffs' speech as a matter of law.

12.    A declaratory judgment that the disclaimer requirement, Mont. Code Ann. § 13-35-225, is unconstitutional facially and as applied to Plaintiffs.

13.    A declaratory judgment that the disclaimer requirement, Mont. Code Ann. § 13-35-225, is limited to express advocacy communications.

14.     A declaratory judgment that the incidental political committee definition and regulations, Mont. Code Ann. § 13-37-225(6); Mont. Admin. R. 44.10.337(2)(c), 44.10.405, 44.10.411, 44.10.519, are unconstitutional facially and as applied to Plaintiffs.

15.     A declaratory judgment that the incidental political committee definition and regulations do not apply to Plaintiffs as a matter of law.

16.     Permanent injunctions enjoining Defendants, all county attorneys, and all successors in office, from enforcing all challenged provisions (as challenged) against Plaintiffs and their activities, and all other entities similarly situated.

17.     Costs and attorney fees pursuant to any applicable statute or authority.

18.     Any other relief this Court in its discretion deems just and appropriate.

Dated:  October 28, 2010

/s/ James E. Brown
*Local Attorney for Plaintiffs*

## Verification by Jennifer Olsen

I, Jennifer Olsen, declare as follows:

1.     I have personal knowledge of myself and my activities, including those set out in the foregoing *Complaint*, and if called upon, I would competently testify as to the matters stated herein.

3.     I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activites are true and correct.

Executed on this 26 th day of October, 2010.

Jennifer Olsen

## Verification by Eric H. Olsen

I, Eric H. Olsen, declare as follows:

1.      I have personal knowledge of myself and my activities, including those set out in the foregoing *Complaint*, and if called upon, I would competently testify as to the matters stated herein.

3.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activites are true and correct.

Executed on this _26_ th day of October, 2010.

Eric H. Olsen

**Verification by Montana Shrugged Teaparty Patriots, Inc.**

I, Eric H. Olsen, declare as follows:

1.      I am the Organizer of Montana Shrugged Teaparty Patriots, Inc.

2.      I have personal knowledge of the organization and its activities, including those set out in the foregoing *Complaint*, and if called upon, I would competently testify as to the matters stated herein.

3.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning the organization are true and correct.

Executed on this _26_ th day of October, 2010.

_Eric Hol_

Montana Shrugged Teaparty Patriots, Inc.
By Eric H. Olsen
Organizer